*Waller* for defendant.

<div style="margin-left:auto;">

PAUL & POGUE
*vs*
WILLIAMS.

instruct the jury to find for defendant on the ground of want of jurisdiction in the justice.

</div>

## Paul & Pogue *vs* Williams.



APPEAL FROM THE GREENUP CIRCUIT.

*New trial. Chancery.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THIS is a consent appeal from a *nisi* decree for a new trial of an action of covenant for the price of coal delivered by the appellant to the appellees at their Iron Works in Greenup county.

The only causes alledged for seeking such relief are, 1st, that although one of the appellees was at the trial and defended the action, the verdict having been rendered at night and the Court having adjourned the next day before an agent who chiefly managed the defence reached the court house, no motion for a new trial was made because the absentee was the manager also of the iron works, and it was neither customary nor deemed proper for the part owner, who was a defendant and in Court, to interfere in any business relating to that agency—2d, that the appellees had discovered since the adjournment of

<div style="margin-left:auto;">

CHANCERY.

*Case* 86.

*April* 22.

The case stated.

</div>

PAUL & POGUE
*vs*
WILLIAMS.

the Court that they could prove by some of the witnesses who testified on the trial, that the appellant had said, both before and since the verdict, that he did not claim as much as the jury had assessed, to-wit, $779, and that he had only claimed about $500—and 3d, that the verdict was exorbitant and unauthorized by the testimony which entitled the appellant to not more than $500.

The answer denied the sufficiency of the excuse made for not moving the common law Judge for a new trial, and also denied the allegations as to the injustice of the verdict and the appellant's declarations.

Where one of two def'ts, present at the trial, makes no motion for a new trial because the agent was not there—and the discovery of new testimony, (not setting it forth) and that the verdict was too high, (not shown to be so) Chancellor will not entertain a bill for a new trial.

The bill on its face is palpably insufficient to authorize any relief. Surely the excuse for not moving for a new trial during the term at which the verdict was rendered, cannot deserve the grave consideration of the provident Chancellor. To encourage such excuses would unhinge the administration of justice, license negligence and delay, and render litigation oppressively uncertain and protracted. Similar excuses have been always unavailing even in courts of law.

But had the excuse been sufficient, still there was not even a semblance of equitable ground for the relief sought; the discovered fact was involved in the issues tried by the jury, and depended on the testimony of witnesses. Neither a court of equity nor a court of law ever controls a verdict on any such ground, because, to do so would encourage fraud and subornation by the losing party, whose example, if he once succeed, might provoke retaliation on the other side, and thus prostitute litigation and render it interminable. Moreover, the only fact proved in this case which could have any influence on the assessment of damages, is one which, not only is slight and of doubtful effect, but was known and could have been proved on the trial of the action by a witness who testified for the appellants on that trial. Nor does it appear from this record that there was any injustice in the verdict as rendered, or that it was not fully justified by the evidence heard by the jury.

The decree is, therefore, reversed, and the cause remanded with instructions to dismiss the bill.

*Beatty* for appellants; *Apperson* for appellee.